IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PATRICIA, S**[1], <br><br>    Plaintiff, <br><br> v. <br><br> **ANDREW M. SAUL,** Commissioner of Social Security, <br><br>    Defendant. | Case No. 6:19-cv-1437-SI <br><br> **OPINION AND ORDER** |

Ari D. Halpern, HALPERN LAW GROUP, P.C., 62910 O.B. Riley Rd., Suite 100, Bend, OR 97703. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Summer Stinson, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Patricia S. (Plaintiff) seeks judicial review of the final decision of the Commissioner of

the Social Security Administration (Commissioner) denying her applications for Disability

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

PAGE 1 – OPINION AND ORDER

Insurance Benefits (DIB). For the reasons that follow, the Commissioner's decision is REVERSED AND REMANDED for an award of benefits.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

The record shows that Plaintiff completed and filed her application for DIB on November 10, 2015, AR 199, although the ALJ referenced Plaintiff's application date as October 30, 2015. AR 15. She originally claimed a disability onset date of December 29, 2009, but she later amended her disability onset date to September 8, 2015. AR 213. Plaintiff was born on May 16, 1957 and was 58 years old as of the amended alleged disability onset date.

Plaintiff alleged disability due to degenerative disk disease, degenerative back arthritis, L2, L3, L4 bulging disks, L4, L5 severe bulging pinching nerve, right hip and leg pain and numbness, right foot weakness and numbness, high cholesterol, and restless leg syndrome. AR 113. The Commissioner originally proposed a medical-vocational allowance with disability onset date of February 1, 2014. A subsequent review, however, reversed, and sought corrective action requesting that Plaintiff's claim be processed as a medical-vocational denial. AR 266. The Commissioner then denied Plaintiff's application on April 5, 2016, and upon reconsideration on July 26, 2016. AR 15.

Plaintiff filed a written request for a hearing before an Administrative Law Judge (ALJ) on August 23, 2016. AR 15. In a decision dated July 24, 2018, the ALJ found that Plaintiff was not disabled through the date last insured. AR 29. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1-3. Plaintiff seeks judicial review of the ALJ's decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e),

        416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

      The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

      The ALJ first determined Plaintiff's date last insured for purposes of DIB coverage. The ALJ found that Plaintiff had coverage through March 31, 2016. The ALJ next performed the

sequential analysis as noted above. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period from her amended alleged onset date of September 8, 2015, through her date last insured of March 31, 2016. AR 17. At step two, the ALJ determined that Plaintiff had the following severe impairments through the date last insured: obesity, degenerative disc disease, and degenerative joint disease (osteoarthritis and bursitis in hips). AR 18. The ALJ concluded that none of these impairments, either alone or in combination, equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). AR 21.

The ALJ next determined Plaintiff's RFC. The ALJ found that Plaintiff had the RFC to perform light work. AR 22. The ALJ included the following additional limitations in Plaintiff's RFC: that Plaintiff can frequently climb ramps and stairs; can occasionally climb ladders, ropes, and scaffolds; can frequently kneel, crouch, and crawl; can occasionally stoop; and should have no more than occasional exposure to vibration. AR 22.

At step four, the ALJ considered Plaintiff's past relevant work. Plaintiff previously worked as an institutional cook and a jailer. AR 27. The ALJ concluded that the exertional limits required of Plaintiffs past work exceeded the parameters of her additional exertional limits contained in the RFC and thus she was unable to perform past relevant work. *Id.*

At step five, the ALJ determined that Plaintiff had the transferable skills of cooking and food preparation. AR 28. The ALJ relied on the testimony of a vocational expert and found that there was a significant range of occupations Plaintiff could perform given her age, education, past relevant work, RFC, and transferable skills. *Id*. The ALJ identified the occupations of salad maker, short order cook, and carver. *Id*. Thus, the ALJ concluded that Plaintiff was not disabled through the date last insured.

## DISCUSSION

Plaintiff argues that the ALJ erred by: (a) improperly rejecting Plaintiff's subjective symptom testimony; (b) improperly discounting Dr. Matthew Clausen's medical opinion testimony; (c) improperly rejecting Randall Cox's lay witness testimony; (d) misapplying Plaintiff's RFC to the representative occupations; and (e) failing to identify a "significant range of work" as required under the Medical-Vocational Guidelines (the Grids). Because the Court finds that Plaintiff's argument under the Grids is dispositive and requires a finding that Plaintiff is disabled even if the ALJ did not err in any other determination, the Court does not reach Plaintiff's other arguments.

As explained by the Ninth Circuit:

> At step five of the sequential process, the agency may meet its burden either "(1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, Subpt. P, App'x 2." *Tackett*, 180 F.3d at 1099. The Medical-Vocational Guidelines, or "the grids," are a "short-hand method for determining the availability and numbers of suitable jobs for a claimant." *Id.* at 1101. Based on a claimant's functional capacity, age, education, and work experience, the grids direct a determination that the claimant is either "disabled" or "not disabled." *Id.* "Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006), *as amended* (Nov. 7, 2006). "[W]here application of the grids directs a finding of disability, that finding must be accepted by the Secretary." *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989).
>
> Because Maxwell is limited to light work, has reached "advanced age" (55 years and older), can no longer perform her past relevant work, and has a transferable skill, grid Rule 202.07 governs her case, as the ALJ correctly determined. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 2, Rule 202.07. Footnote 2 to Rule 202.07 directs, however, that Rule 202.00(c) also governs whether a claimant like Maxwell is disabled. *See Lounsburry*, 468 F.3d at 1116.

*Maxwell v. Saul*, 971 F.3d 1128, 1130-31 (9th Cir. 2020) (brackets in original). Assuming that the ALJ did not make any error in his analysis of the evidence and RFC assessment, Plaintiff is in the same situation as the plaintiff in *Maxwell* (advanced age, can no longer perform her past relevant work, has a transferable skill). Thus, the ALJ, like the ALJ in *Maxwell*, applied Rule 202.07, which also references Rule 202.00(c).

Under Rule 202.00(c), individuals "who have only skills that are not readily transferable to a *significant range* of semi-skilled or skilled work that is within the individual's functional capacity, . . . the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled." *Id.* at 1131 (emphasis and alteration in original). In considering how many occupations meet the definition of a "significant range," the Ninth Circuit reiterated its previous holding that "because Social Security Ruling 83-10 'defines the phrase, Range of Work, as: All or substantially all *occupations* existing at an exertional level, . . . . the phrase significant range of . . . work in Rule 202.00(c) . . . require[s] a *significant number* of occupations.'" *Id.* (quoting *Lounsburry*, 468 F.3d at 1117) (emphasis and alterations added in *Maxwell*).

The Ninth Circuit held, in evaluating whether two occupations were a significant range of occupations:

> we now hold that two occupations do not constitute a "significant range of work." A "range" necessarily requires more than one occupation. *Id.*; *see also* Merriam Webster Dictionary, *available at* https://www.merriam-webster.com/dictionary/range (defining "range" as a "series . . . between limits"). Since a "range" requires more than one occupation, a "significant range" must require more than two; to interpret "significant range" to mean only "range" would nullify the concept of "significant." *Lounsburry*, 468 F.3d at 1117; *see also* Merriam Webster Dictionary, *available at* https://www.merriam-webster.com/dictionary/significant (defining "significant" as "a noticeably or measurably large amount"). We decline to adopt a bright-line rule for the number of

>occupations required to constitute a "significant range." We hold only that two occupations are insufficient and that "a significant number of occupations" are required.

*Id.* The Ninth Circuit explained the reason behind Rule 200.00(c) is because persons of advanced age with additional limitations face the "difficult problem" of "adapting to a new job." *Id.* at 1131 (quoting *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989)).

The vocational expert identified three occupations that Plaintiff could perform, one more occupation that the two that the Ninth Circuit found insufficient in *Maxwell*. The Commissioner argues that three occupations is a significant range and is "well beyond" two occupations. The Court disagrees. The Ninth Circuit did not establish a bright line rule, but in *Maxwell*, the Ninth Circuit repeatedly emphasized that the number of occupations must be "significant." The Ninth Circuit also recited the definition of significant as a noticeably or measurably *large* amount. Three simply is not significant and it is not a noticeably or measurably large amount. The identification of three occupations does not satisfy the "significant range of work" requirement of Rule 202.00(c). Accordingly, the ALJ's conclusion that Plaintiff was not disabled under Rule 202.07 is erroneous as a matter of law. Thus, a finding of disabled is required under the Grids.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for a calculation of benefits as of Plaintiff's amended alleged disability onset date.

**IT IS SO ORDERED**.

DATED this 29th day of March, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge