IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PATRICIA SUTTON**, | Case No. 6:19-cv-1437-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **KILOLO KIJAKAZI**, Acting Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On March 29, 2021, the Court reversed the Commissioner's determination that Plaintiff was not disabled and remanded the matter to the agency for a finding of disability and calculation of benefits. Now before the Court is Plaintiff's application for attorney's fees in the amount of $12,270.99, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.[1] The Commissioner opposes Plaintiff's application, arguing that the Commissioner's position was substantially justified, and that Plaintiff's requested fee amount is unreasonable.

---

[1] In Plaintiff's reply, Plaintiff reduced her requested fee by 1.2 hours, the time challenged by the Commissioner as "clerical in nature." Plaintiff, however, reserved her right later to request additional attorney's fees for litigating her fee request.

PAGE 1 – ORDER

## STANDARDS

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" after a sentence-four remand under 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

A court applies a reasonableness standard in determining whether the government's position was substantially justified. *Flores*, 49 F.3d at 569. "The government has the burden of proving its positions were substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). It must demonstrate that its positions had a reasonable basis in both law and fact. *Flores*, 49 F.3d at 569-70. The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citation and quotation marks omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259.

The government's failure to prevail in its position on the underlying issues is not dispositive of the issue of whether the government's position was "substantially justified." *See,*

PAGE 2 – ORDER

*e.g.*, *Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). A district court's reversal of the ALJ's decision, however, is a strong indication that the government's defense of that decision was not substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("Our holding that the agency's decision of [this] case was unsupported by substantial evidence is therefore a strong indication that the position of the United States in this matter was not substantially justified. Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.") (quotation marks omitted).

Under EAJA, even if the government's position is not substantially justified, the Court has discretion to determine whether the requested fees are reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990) (the court has similar discretion under EAJA to determine the reasonableness of fees as it does under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, as described in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *U.S. v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009) (fees requested under EAJA must be reasonable); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (discussing the *Jean* clarification that the *Hensley* analysis applies to EAJA cases). In litigating fee applications, the plaintiff bears the burden of "documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked," and the government, in opposing the fee application, "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). In

determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Costa*, 690 F.3d at 1135. "To calculate the lodestar amount, the court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Id.* (quoting *Hensley*, 461 U.S. at 433)). In making this calculation, the district court should take into consideration "a host of reasonableness factors, including benefit obtained . . . , the complexity and novelty of the issues presented, and the risk of nonpayment." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (quotation marks omitted). One factor a court must consider in this analysis is the results obtained. *See Atkins*, 154 F.3d at 989. The Ninth Circuit has cautioned that district courts may not reduce requested fees in social security disability appeals without providing relatively specific reasons. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1136-37 (9th Cir. 2012). A district court may, however, "impose a reduction of up to 10 percent—a haircut—based purely on the exercise of its discretion and without more specific explanation." *Id.* at 1136 (quotation marks omitted).

## DISCUSSION

### A. Substantial Justification

The Commissioner argues that the agency's position was substantially justified because at the time the Commissioner litigated the agency's position, there was no binding case law about whether three jobs were a "significant range" of occupations. The Ninth Circuit had held

that "because Social Security Ruling 83-10 'defines the phrase, Range of Work, as: All or substantially all *occupations* existing at an exertional level, . . . . the phrase significant range of . . . work in Rule 202.00(c) . . . require[s] a *significant number* of occupations.'" *Maxwell v. Saul*, 971 F.3d 1128, 1131 (9th Cir. 2020) (quoting *Lounsburry v. Barnhart*, 468 F.3d 1111, 1117 (9th Cir. 2006), *as amended* (Nov. 7, 2006) (emphasis and alterations added in *Maxwell*). *Lounsburry* had held that one job was not a significant range of occupations and *Maxwell* had held that two jobs were not a significant range of occupations.

The Ninth Circuit, in holding that two jobs were not a significant range of occupations, stated: "We decline to adopt a bright-line rule for the number of occupations required to constitute a 'significant range.' We hold only that two occupations are insufficient and that 'a significant number of occupations' are required." *Id.*

Although there was no binding precedent that specifically held that three occupations were not a "significant number," the Commissioner's position arguing that three was a significant number was not substantially justified. As the Court discussed in its Opinion and Order, the Ninth Circuit in *Maxwell* repeatedly emphasized that the number of occupations must be significant and must be a large number. There is no credible argument that three is a significant or large number in this context.

**B.  Reasonable Hours**

The Commissioner challenges the number of hours for which Plaintiff requests reimbursement, particularly that Plaintiff's counsel spent 32 hours drafting Plaintiff's 35-page opening brief and 16.25 hours reviewing the Commissioner's brief and preparing Plaintiff's 17-page reply brief. The Commissioner emphasizes that Plaintiff requests attorney's fees for 59.1

hours,[2] when a social security claimant's attorney most often spends only 20 to 40 hours litigating the case. The Commissioner also argues that attorney Ralph Wilborn used improper block billing. The Commissioner further argues that identifying broad tasks such as "drafting opening brief" for 7 hours is improper, in addition to listing several tasks in one entry for a large block of time.

Courts, including the District of Oregon, specifically caution against both block-billing and providing vague or otherwise inadequate descriptions of tasks because these practices hinder a court's ability to assess the reasonableness of the time expended. *See, e.g.*, U.S. District Court, District of Oregon, Message from the Court Regarding Attorney Fee Petitions, available at https://ord.uscourts.gov/index.php/rules-orders-and-notices/notices/fee-petitions (last updated Mar. 2, 2017). This Court has applied this cautionary statement, noting that "the court may excuse this method when the billing period is no more than three hours." *Updike v. Multnomah Cnty.*, 2020 WL 4736461, at *2 (D. Or. Aug. 14, 2020) (quoting *Noel v. Hall*, 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013)). For block-billing periods in excess of three hours, however, the Court has reduced each applicable entry by fifty percent. *See, e.g.*, *Fathers & Daughters Nevada, LLC v. Lingfu Zhang*, 2018 WL 3023089, at *5 (D. Or. June 18, 2018).

The Court declines to second guess the total number of hours spent by Plaintiff's counsel as excessive. The Court also disagrees that an entry of "drafting opening brief" for a block of time is vague, block billing, or otherwise improper. *See, e.g.*, *Altorfer v. Comm'r, Soc. Sec. Admin.*, 2016 WL 1670936, at *2 (D. Or. Apr. 26, 2016) ("However, the Court notes that Plaintiff's descriptions of drafting a brief could not have been any more detailed."). The Court

---

[2] Plaintiff conceded 1.2 hours after the Commissioner challenged those hours as "clerical in nature."

agrees with the Commissioner, however, that listing multiple tasks with one block of time totaling more than three hours is improper block billing.

The block-billed time for multiple tasks requested above the three-hour maximum will be reduced by fifty percent. Such a reduction is especially warranted here because the vague nature of the entry makes it impossible for the court to make any assessment as to the reasonableness of that time expended. *See Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011) ("The fee award may be reduced if [plaintiff's] renewed request is supported only by block-billing statements of the relevant activity, although a fee award cannot be denied on this basis."). Attorney Wilborn had two such entries, on April 18, 2020 for 8 hours and September 28, 2020 for 4.5 hours, for a total for 12.5 hours. The Court reduces that time to 6.25 hours, which is a reduction of 6.25 hours. That reduces the requested fee award by $1,298.63.

## CONCLUSION

Plaintiff's request for fees under EAJA (ECF 28) is GRANTED IN PART. Plaintiff is awarded attorney's fees in the amount of $10,972.36. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has filed with the Court an assignment of EAJA fees to her counsel, if Plaintiff has no debt subject to the Treasury Offset Program, then Defendant shall cause the check to be made payable to Plaintiff's attorney and mailed to Plaintiff's attorney. If Plaintiff owes a debt subject to the Treasury Offset Program, then the check for any remaining funds after offset of the debt shall be payable to Plaintiff and mailed to Plaintiff's attorney.

**IT IS SO ORDERED**.

DATED this 26th day of July, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge